UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED BULK CARRIERS
INTERNATIONAL L.D.A.

                          Plaintiff,

             -against-

NORTH CHINA SHIPPING LTD., a/k/a
NORTH CHINA SHIPPING CO. LTD.
a/k/a NORTH CHINA SHIPPING
COMPANY LTD. a/k/a NORTH CHINA
SHIPPING COMPANY LIMITED a/k/a
NORTH CHINA SHIPPING (SINGAPORE)
PTE LTD.

                         Defendant.
-----------------------------------------------------x

DECLARATION IN
ACCORDANCE WITH
28 U.S.C. § 1746
08 Civ. 5879 (WHP)

Tulio R. Prieto, declares, under penalty of perjury, as follows:

      1.      I am admitted to the Bar of this Court, am a member of Cardillo &

Corbett, attorneys for North China Shipping (Singapore) PTE Ltd. ("NCS Singapore"), North

China Shipping Company, Limited ("NCSC (HK)") and North China Shipping Company Limited

("NCSC (BVI)") (collectively the "Claimants"), and make this declaration in support of the

Claimants' motion to vacate the attachment of their property by the plaintiff, United Bulk

Carriers International L.D.A. ("United Bulk"), and to vacate the ex parte Order of Maritime

Attachment directing the attachment of Claimants' property..

      2.      Attached hereto as Exhibit A is a copy of the Verified Complaint filed by

United Bulk on June 30, 2008.

      3.      Attached hereto as Exhibit B is a copy of the Ex Parte Order For Process

of Maritime Attachment issued in this case on July 1, 2008.

      4.      Attached hereto as Exhibit C is a copy of an email sent by me to Lauren C.

Davies, Esq, counsel for United Bulk on July 17, 2008.

5.    Attached hereto as Exhibit D is a copy of an email, without attachments, sent by me to Lauren C. Davies, Esq, counsel for United Bulk on July 21, 2008.

6.    Attached hereto as Exhibit E is a copy of a second email, without attachments, sent by me to Lauren C. Davies, Esq, counsel for United Bulk on July 21, 2008.

7.    Attached hereto as Exhibit F is a copy of a third email, without attachments, sent by me to Lauren C. Davies, Esq, counsel for United Bulk on July 21, 2008.

8.    Attached hereto as Exhibit G is a copy of a fourth email, without attachments, sent by me to Lauren C. Davies, Esq, counsel for United Bulk on July 21, 2008.

9.    Attached hereto as Exhibit H is a copy of the Verified Amended Complaint filed by United Bulk on July 21, 2008.

10.    Attached hereto as Exhibit I is a copy of the Ex Parte Order For Process of Maritime Attachment issued in this case on July 21, 2008.

11.    No prior application has been made for the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 7, 2008

Tulio R. Prieto (TP 8455)

# Exhibit A

*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED BULK CARRIERS
INTERNATIONAL L.D.A.,                          :

                        Plaintiff,             :

                                               :    08 Civ. _____
    - against -                                     ECF CASE
                                               :
NORTH CHINA SHIPPING LTD.,
                                               :

                        Defendant.             :
-------------------------------------------------------------X

**08 CIV 5879**

## VERIFIED COMPLAINT

Plaintiff, UNITED BULK CARRIERS INTERNATIONAL L.D.A. (hereinafter refe.

to as "Plaintiff" or "UNITED BULK"), by and through its attorneys, Tisdale Law Offices LLC,

as and for its Verified Complaint against the Defendant NORTH CHINA SHIPPING LTD.

(hereinafter referred to as "Defendant" or "NCSL"), alleges, upon information and belief, as

follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law with a principal place of business in Madeira.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation or

other business entity organized under and existing by virtue of foreign law with a place of

business in the Bahamas.

4.      By a charter party dated February 23, 2007, United Bulk chartered the "M/V WINA" from the Defendant for a time charter period of "minimum 12/about 14 months in Charterers' option."

5.      Certain disputes arose between the parties regarding Defendant's breaches of the charter party for failure to pay Plaintiff's off-hire claims, the under-performance of the Vessel and the Defendant's wrongful drydocking of the Vessel.

6.      As a result of Defendant's breaches of the charter party, Plaintiff has suffered damages in the principal amount of $1,499,637.90. *See Charterers' Final Hire Statement annexed hereto as Exhibit "1."*

7.      Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the charter party.

8.      Pursuant to the aforementioned charter party, any disputes arising thereunder shall be referred to Arbitration in London with English law to apply.

9.      Plaintiff will soon commence arbitration in London and appoint its arbitrator.

10.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration proceedings.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

|     |                                              |                |
|-----|----------------------------------------------|----------------|
| A.  | Principal claim:                             | $1,499,637.90  |
|     | Balance due under Final Hire Statement       | $1,137,737.97  |
|     | Balance due for wrongful dry docking of Vessel | $361,900.00  |
| B.  | Estimated interest on claims: 3 years at 8%  | $402,678.38    |
| C.  | Estimated attorneys' fees and costs:         | $100,000.00    |

**Total**                                                    **$2,002,316.20**

11.     The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the

Defendant.

12.     The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by

any garnishees within the District for the purpose of obtaining personal jurisdiction over the

Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Complaint, failing which

default judgment be entered against it in the sum of **$2,002,316.20.**

B.      That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$2,002,316.20** belonging to, due or being transferred to, from, or

for the benefit of the Defendant, including but not limited to such property as may be held,

received or transferred in Defendant's name or as may be held, received or transferred for its

benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishee(s) to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

      C.     That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any

London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

      D.     That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

      E.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: June 30, 2008
       New York, NY

                        The Plaintiff,
                        UNITED BULK CARRIERS
                        INTERNATIONAL L.D.A.,

By:                   

                        Lauren C. Davies (LD 1980)
                        Thomas L. Tisdale (TT 5263)
                        TISDALE LAW OFFICES LLC
                        11 West 42nd Street, Suite 900
                        New York, NY 10036
                        (212) 354-0025 – phone
                        (212) 869-0067 – fax
                        ldavies@tisdale-law.com
                        ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )    ss.:    City of Southport
County of Fairfield   )

    1.    My name is Lauren C. Davies.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    June 30, 2008
            Southport, CT

                        _____
                        Lauren C. Davies

# EXHIBIT 1

# UNITED BULK CARRIERS INT MADEIRA

### Final Hire Statement

| Delivery: | D.L.O.S.P. CORPUS CHRIST | M/V: | WINA - C/P 23 / 2 / 2007 |
| Redelivery | D.L.O.S.P. SHANGHAI | Owners: | NORTH CHINA SHIPPING LTD BAHAMAS |
| | | Charterers: | UNITED BULK CARRIERS INT MADEIRA |

| Gross hire | | in | GMT | time | | | |
|---|---|---|---|---|---|---|---|
| From | | 17-Mar-07 | | 02.40 | | | |
| To | | 25-May-08 | | 06.45 | | | |
| Days | | 435.170139 | at | | $28,500 | | $12,402,348.96 |
| **Ballast Bonus** (Owners favour) | | | | | | $0.00 | $555,000.00 |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| From | | 21-Mar-07 | | 19.05 | | | |
| To | | 01-Apr-07 | | 01.30 | | | |
| Days | | 10.28125 | at | | $28,500 | $293,015.63 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| | | 19-Jul-07 | | 08.10 | 0.00 | | |
| | | 20-Jul-07 | | 19.40 | | | |
| | | 1.47917 | at | | $28,500 | $42,156.31 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| | | 28-Aug-07 | | 10.00 | 0.00 | | |
| | | 29-Aug-07 | | 09.30 | | | |
| | | 0.97917 | at | | $28,500 | $27,906.26 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| | | 06-Sep-07 | | 07.00 | 0.00 | | |
| | | 06-Sep-07 | | 14.35 | | | |
| | | 0.31597 | at | | $28,500 | $9,005.21 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| | | 13-Sep-07 | | 08.15 | 28500.00 | | |
| | | 13-Sep-07 | | 13.15 | | | |
| | | 0.28000 | at | | $28,500 | $7,125.00 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| From | | 23-Oct-07 | | 12.25 | 28500.00 | | |
| To | | 25-May-08 | | 06.45 | | | |
| Days | | 37.10078 | at | | $28,500 | $1,057,372.13 | |
| **Off hire** | ( sum of various periods - start first / end last ) | | | | | | |
| From | | 05-Nov-07 | | 19.00 | 28500.00 | | |
| To | | 30-Dec-07 | | 14.00 | | | |
| Days | | 5.67014 | at | | $28,500 | $161,598.96 | |
| **Address commission** | | | | | | | |
| | 3.75% on gross hire +/- ballast/redelivery bonus | | | | | $425,968.85 | |
| **Brokerage** | | | | | | | |
| CLARKSON | 1.25% on gross hire +/- ballast/redelivery bonus | | | | | $141,989.62 | |
| **Bunker on delivery** | | | | | | | |
| Ifo | | 807.280 | MT at | $300.00 | | | $242,184.00 |
| Mdo | | 20.910 | MT at | $550.00 | | | $11,500.50 |
| **Bunker on redelivery** | | | | | | | |
| Ifo | | 767.210 | MT at | $300.00 | | 230163.00 | |
| Mdo | | 97.000 | MT at | $550.00 | | 53350.00 | |
| **Bunker cons.n re. Off Hire (at average prices)** | | | | | | | |
| Ifo | | 389.293 | MT at | $300.00 | | $116,787.88 | |
| Mdo | | 39.973 | MT at | $550.00 | | $21,985.11 | |
| **Cables & Representation** | | @ | 1,350.00 | MONTHLY | | | $16,825.53 |
| (@ 1350.00 / MONTHLY    x t/c days net  379.093664 ) | | | | | | | |
| **ILOHC** | | | | | | | $5,000.00 |
| **INTERCLEANING** | | | | | | | $24,500.00 |
| **Remittance/s** | | | | | | | |
| First | | | | | | $1,187,725.25 | |
| Second | | | | | | $104,194.35 | |
| Third | | | | | | $406,790.75 | |
| Fourth | | | | | | $406,790.75 | |
| Fifth | | | | | | $406,790.75 | |
| Total  others remit.ces | | | | | | $6,660,585.22 | |
| Estimated Owners Exp. | | | | | | 810,000.00 | |

OWNERS EXPENSES HOUSTON 16TH-20TH MARCH 2007 VOY 01-020/07 D/N 2007015 DEDUCTED 7TH HIRE    $525.12
OWNERS EXPENSES SAVERNA 22ND-27TH APRIL 2007 VOY 01-020/07 D/N 2007021 DEDUCTED 13TH HIRE    53,034.22
1) LESS OWS EXPENSES AT ROSARIO/BAHIA BLANCA    $2,657.71
3) LESS OWS EXPENSES AT STORE(07-6-30)    $3,762.50
4) LESS OWS EXPENSES AT FANGCHENG(07-3-25) RMB231    531.48
7) LESS FREE PRATIQUE AT TURKISH STRAITS    28000.00
8) LESS OWS EXPNSES AT XIAMEN(2007-7-6) RMB10250    1400.84
10) BONUS TO MASTER AT Thailand    2000.00
14) CASH TO MASTER AT MISS RIVER    31150.00
15) LESS OWS EXPNSES AT FANGCHENG(2007-12-30)RMB312    45.00
18) LESS BERTHAGE AT FANGCHENG RMB12100    1743.94
OFF-HIRE BEING STOPPAGE JULY 28TH and AUGUST 15TH : 23.5 HRS AT USD 27,431.25 NET OF 3.75% COMM    0.00
MDO CONSUMPTION DURING STOPPAGE: 1.7 MT AT USD 550    0.00
IFO CONSUMPTION DURING STOPPAGE: 2.5 MT AT USD 340    0.00
OFF-HIRE BEING UNDERPERFORMANCE VUZHINY - KOUSICHANG: 61 HRS AT USD 27,431.25 NET OF 3.75% COMM    69,921.13
OFF-HIRE BEING UNDERPERFORMANCE MOBILE-GIBRALTAR-PORT SAID: 53.3 HRS AT USD 27,431.25 NET OF 3.75    60,920.23
OFF-HIRE BEING UNDERPERFORMANCE SAMARINDA-KAOHSUNG: 13.6 HRS AT USD 27,431.25 NET OF 3.75% COMM    15544.37
MDO OVERCONSUMPTION SAMARINDA-KAOHSUNG 2.5 MT MDO AT USD 550    1375.00
OFF-HIRE BEING UNDERPERFORMANCE FANGCHENG-BALBOA: 65 HRS AT USD 27,431.25 NET OF 3.75% COMM    74292.96
MDO OVERCONSUMPTION FANCHENG-BALBOA: 17.2 MT AT USD 550    9460.00
OFF-HIRE BEING UNDERPERFORMANCE CRISTOBAL - SW PASS: 5.6 HRS AT USD 27,431.25 NET OF 3.75% COMM    6400.62
MDO OVERCONSUMPTION CRISTOBAL - SW PASS: 6.9 MT AT USD 550    3795.00
LESS OFF HIRE DUE TO UNDERPERFORMANCE: 118.621HRS=4.9425DAYS    135578.95
MDO OVERCONSUMED 1MT    550.00
OFF-HIRE BEING UNDERPERFORMANCE BAHIA BLANCA - XIAMEN: 35.9 HRS AT USD 27,431.25 NET OF 3.75% CON    29602.89
MDO OVERCONSUMPTION BAHIA BLANCA - XIAMEN: 15.5 MT AT USD 550    8525.50
OFF-HIRE BEING UNDERPERFORMANCE FANGCHING-HOUSTON: 110.85 HRS AT USD 27,431.25 NET OF 3.75% COMM    126690.09
MDO OVERCONSUMPTION 2.100 MT AT USD 550 BEING UNDERPERFORMANCE FANCHING-HOUSTON    1155.00

| | T O T A L S | | | | | $14,395,096.96 | $13,257,358.99 |
| **Balance due to Charterers ( UNITED BULK CARRIERS INT MADEIRA )** | | | | | | $0.00 | $1,137,737.97 |
| | | | | | | $14,395,096.96 | $14,395,096.96 |
| Monaco, | 11-Jun-08 | | | | | | |
| T/C no.  T/C P_NR:005/07 | | | | | | | |

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED BULK CARRIERS                          :
INTERNATIONAL L.D.A.,
                                              :

                    Plaintiff,                :

        - against -                           :

NORTH CHINA SHIPPING LTD.,                    :

                    Defendant.                :
-----------------------------------------------------------X

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on June 30, 2008, Plaintiff, UNITED BULK CARRIERS

INTERNATIONAL L.D.A., filed a Verified Complaint herein for damages against the Defendant

NORTH CHINA SHIPPING LTD. amounting to **$2,002,316.20** and praying for the issuance of

Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil

Procedure; and

        **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

        **WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist;

        **NOW**, upon motion of the Plaintiff, it is hereby:

        **ORDERED**, that Pursuant to Rule B of the Supplemental Rules for Certain Admiralty

and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and

Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$2,002,316.20** belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of by any garnishees within this District, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, Wachovia Bank; and it is further

  **ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

  **ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

  **ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: July 1, 2008

SO ORDERED:

_____
U. S. D. J.

# Exhibit C

**Tulio R. Prieto**

| | |
|---|---|
| **From:** | Tulio R. Prieto [tprieto@cardillocorbett.com] |
| **Sent:** | Thursday, July 17, 2008 11:39 PM |
| **To:** | Lauren C. Davies (ldavies@tisdale-law.com) |
| **Subject:** | United Bulk Carriers L.D.A. v. North China Shipping Ltd.  08 Civ 5879 |

Dear Lauren,

I represent North China Shipping Company, Ltd.  I am writing to you to request that your clients  voluntarily release $222,381.00 in funds belonging to my client, which is a separate and distinct entity from the defendant.  In support of my request,  I am attaching hereto a Certificate of Incorporation for my client.  As you can see from the Certificate, my client is a Hong Kong corporation formed in June, 1992.   According to the verified complaint, the defendant,  North China Shipping Limited is a Bahamas corporation.  In addition, my client's name is different from the entity named as a defendant in your complaint.

I also attach a copy of a Customer Advice issued by Bank of Communications showing that the funds that were attached were remitted by North China Shipping Company Ltd.  The funds represented a payment of freight to J-Yang Shipping Co., Limited

I attach also the fixture note under which terms the remittance at issue was made by North China Shipping Company Ltd., as Charterers.

Finally, I attach the freight invoice issued by J-Yang Shipping Co., Limited to my clients.

I am informed by my clients that they are active in the chartering market as charterers and disponent owners.  Inquiries by you or the plaintiff should confirm this.

In view of the attached documents, I respectfully request that you voluntarily release all of the funds restrained by the plaintiff.

I thank you in advance for your prompt attention and reply to this request.

Best regards,

Tulio R. Prieto
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com

            

Bank Slip.pdf    Fixture Note.pdf    invoice 0812 (2).pdf    NORTH CHINA IPPING COMPANY

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, or if any problems occur with transmission, please notify us

1

immediately by e-mail at <mailto:tprieto@cardillocorbett.com> or telephone (212) 344-0464.  Thank you.

# Exhibit D

## Tulio R. Prieto

| | |
|---|---|
| **From:** | Tulio R. Prieto [tprieto@cardillocorbett.com] |
| **Sent:** | Monday, July 21, 2008 5:38 PM |
| **To:** | Lauren C. Davies (ldavies@tisdale-law.com) |
| **Subject:** | FW: North China Shipping Co., Ltd. BVI - FFA |
| **Attachments:** | FFA - DD 10.10.2007.pdf; FFA - recap.pdf; North China Shipping Company Limited - Certificate of Incorporation.pdf; FFA - Louis Dreyfus  - Transfer.pdf |

Dear Lauren,

I refer to my message of July 17 in which I sent you documents showing that the funds you have attached belong to a different company from the defendant, North China Shipping Company Ltd of Hong Kong  and that the remittance involved concerns a transaction to which the defendant is not a party.  I am waiting for your reply to that message.

It now appears that additional funds belonging to another one of my clients, North China Shipping Company, Ltd, BVI ("NCS BVI"), have been attached.   NCS BVI  entered into two FFAs with Louis Dreyfus Corporation, Wilton Connecticut dated 14 September 2007 and 10 October 2007 respectively. After settlement, there is US$555,000 due to NCS BVI and Louis Dreyfus paid the same but it was seized by you.

The documents attached include the Certificate of Incorporation showing that NCS BVI was formed in October 2001, the FFA agreement, and bank advice.

Again, I request that you review the attached,  and release the funds voluntarily, failing which we will be forced to move to vacate the attachment.

I kindly ask also that you send me a list of the attachments you effected thus far.

By separate email, I will send you documents relating to still another company, North China Shipping (Singapore) Pte Ltd whose funds were attached despite the fact that it is a different company from the defendant.

Best regards,

Tulio R. Prieto
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:tprieto@cardillocorbett.com> or telephone (212) 344-0464.  Thank you.

1

# Exhibit E

**Tulio R. Prieto**

| | |
|---|---|
| **From:** | Tulio R. Prieto [tprieto@cardillocorbett.com] |
| **Sent:** | Monday, July 21, 2008 6:03 PM |
| **To:** | Lauren C. Davies (ldavies@tisdale-law.com) |
| **Subject:** | FW: North China Shipping (Singapore) Pte Ltd. |
| **Attachments:** | Fw_ PEARL OF SHARJAH _ NCS.eml (396 KB); Fw_ PEARL OF SHARJAH RECAP.eml (3.53 KB); Hire Statement and Payment bank slip.pdf; North China Shipping (Singapore) Pte Ltd - Business Profile.pdf; HSBC Notice.pdf |

Dear Lauren,

Further to my prior emails, I also represent North China Shipping (Singapore) PTE Ltd. ("NCS Singapore"). You will note form the attached Business Profile that this is a company formed in Singapore in December, 2007. The payment that was attached by you is a hire payment made by NCS Singapore in connection with a charter party covering the MV Pearl of Sharjah in which NCS Singapore was the charterer. The payment is unrelated to the defendant.

Again, I kindly request that you voluntarily release the funds, failing which we will move to vacate the attachment.

There are two additional attachments of funds belonging to NCS Singapore which were also attached by you. I will send you the details by separate emails.

Best regards,

Tulio R. Prieto
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:tprieto@cardillocorbett.com> or telephone (212) 344-0464. Thank you.

# Exhibit F

**Tulio R. Prieto**

| | |
|---|---|
| **From:** | Tulio R. Prieto [tprieto@cardillocorbett.com] |
| **Sent:** | Monday, July 21, 2008 6:32 PM |
| **To:** | Lauren C. Davies (ldavies@tisdale-law.com) |
| **Subject:** | North China Shipping (Singapore) Pte Ltd |

Dear Lauren,

Further to my prior emails, voyage chartered the M/V Kyla Fortune from Swissmarine Service SA. On 17 July, NCS Singapore paid US$13,227,052.61 as 95% freight but are advised that US$827,625 thereof was attached by United Bulk. Attached are the relevant documents.

Again, I kindly request that you release the funds, failing which we will move to vacate the attachment.

Best regards,

Tulio R. Prieto
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com



MV KYLA
TUNE - FREIGHT A

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:tprieto@cardillocorbett.com> or telephone (212) 344-0464.  Thank you.

# Exhibit G

**Tulio R. Prieto**

| | |
|---|---|
| **From:** | Tulio R. Prieto [tprieto@cardillocorbett.com] |
| **Sent:** | Monday, July 21, 2008 6:41 PM |
| **To:** | Lauren C. Davies (ldavies@tisdale-law.com) |
| **Subject:** | North China Shipping (Singapore) Pte Ltd |

Dear Lauren,

North China Shipping (Singapore) Pte Ltd ("NCS Singapore") time chartered the vessel from Korea Line (Singapore) Pte Ltd for a trip to carry iron ore from India to China. On 15 July, NCS Singapore remitted the 2nd hire US$77,302.83 but Owners advise they have not received the hire so far.  My clients suspect that the funds were attached by United Bulk. Attached are the relevant documents showing that the defendant was not the beneficiary or ordering party with respect to the funds at issue.

I kindly request that you confirm whether, in fact, you have attached the funds, and if so, I kindly request that you voluntarily release the funds failing which we will move to vacate the attachment.

Best regards,

Tulio R. Prieto
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com



MV JBU LEVAN -
ND HIRE ATTACH.

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:tprieto@cardillocorbett.com> or telephone (212) 344-0464.  Thank you.

# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED BULK CARRIERS                          :
INTERNATIONAL L.D.A.,
                                              :

               Plaintiff,                     :

        - against -                           :      08 Civ. 5879 (WHP)
                                                     ECF CASE
                                              :
NORTH CHINA SHIPPING LTD., a/k/a
NORTH CHINA SHIPPING CO. LTD.                 :
a/k/a NORTH CHINA SHIPPING
COMPANY LTD. a/k/a NORTH CHINA               :
SHIPPING COMPANY LIMITED a/k/a
NORTH CHINA SHIPPING                          :
(SINGAPORE) PTE LTD.
                                              :

               Defendant.                     
-----------------------------------------------------X



### VERIFIED AMENDED COMPLAINT

        Plaintiff, UNITED BULK CARRIERS INTERNATIONAL L.D.A. (hereinafter referred

to as "Plaintiff" or "UNITED BULK"), by and through its attorneys, Tisdale Law Offices LLC,

as and for its Verified Amended Complaint against the Defendant NORTH CHINA SHIPPING

LTD. a/k/a NORTH CHINA SHIPPING COMPANY LTD. a/k/a NORTH CHINA SHIPPING

COMPANY LIMITED a/k/a NORTH CHINA SHIPPING (SINGAPORE) PTE LTD.

(hereinafter referred to as "Defendant" or "NCS"), alleges, upon information and belief, as

follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

        2.      At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law with a principal place of business in Madeira.

3.    Upon information and belief, Defendant NCS was, and still is, a foreign

corporation or other business entity organized under and existing by virtue of foreign law with a

place of business in the Bahamas and in care of NORTH CHINA SHIPPING LTD. a/k/a

NORTH CHINA SHIPPING COMPANY LTD. a/k/a NORTH CHINA SHIPPING COMPANY

LIMITED a/k/a NORTH CHINA SHIPPING (SINGAPORE) PTE LTD., Room 3511 35/F, West

Tower, Shun Tak Centre, 168-200 Connaught Road, Central, Sheung Wan, Hong Kong.

4.    By a charter party dated February 23, 2007, United Bulk chartered the "M/V

WINA" from the Defendant for a time charter period of "minimum 12/about 14 months in

Charterers' option."

5.    Certain disputes arose between the parties regarding Defendant's breaches of the

charter party for failure to pay Plaintiff's off-hire claims, the under-performance of the Vessel

and the Defendant's wrongful drydocking of the Vessel.

6.    As a result of Defendant's breaches of the charter party, Plaintiff has suffered

damages in the principal amount of $1,499,637.90.

7.    Despite due demand, Defendant has failed to pay the sums due and owing as a

result of its breaches of the charter party.

8.    Pursuant to the aforementioned charter party, any disputes arising thereunder shall

be referred to Arbitration in London with English law to apply.

9.    Plaintiff will soon commence arbitration in London and appoint its arbitrator.

10.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in

London Arbitration proceedings.  As best as can now be estimated, Plaintiff expects to recover

the following amounts:

|       |                                                 |                |                |
|-------|-------------------------------------------------|----------------|----------------|
| A.    | Principal claim:                                |                | $1,499,637.90  |
|       | Balance due under Final Hire Statement          | $1,137,737.97  |                |
|       | Balance due for wrongful dry docking of Vessel  | $361,900.00    |                |
| B.    | Estimated interest on claims: 3 years at 8%     |                | $402,678.38    |
| C.    | Estimated attorneys' fees and costs:            |                | $100,000.00    |
| **Total** |                                             |                | **$2,002,316.20** |

11.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$2,002,316.20**.

B.     That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$2,002,316.20** belonging to, due or being transferred to, from, or

for the benefit of the Defendant, including but not limited to such property as may be held,

received or transferred in Defendant's name or as may be held, received or transferred for its

benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishee(s) to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

C.     That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any

London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.     That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

E.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: July 21, 2008
       New York, NY

                                    The Plaintiff,
                                    UNITED BULK CARRIERS
                                    INTERNATIONAL L.D.A.,


               By:     _____
                       Claurisse Campanale-Orozco (CC3581)
                       Thomas L. Tisdale (TT 5263)
                       Lauren C. Davies (LD 1980)
                       TISDALE LAW OFFICES LLC
                       11 West 42nd Street, Suite 900
                       New York, NY 10036
                       (212) 354-0025 – phone
                       (212) 869-0067 – fax
                       ttisdale@tisdale-law.com
                       ldavies@tisdale-law.com
                       corozco@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )

                        )      ss.:    City of Southport

County of Fairfield  )

1.      My name is Claurisse Campanale-Orozco.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Amended Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      July 21, 2008
               Southport, CT

                        _____
                        Claurisse Campanale-Orozco

# Exhibit I

*Pauley, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED BULK CARRIERS              :
INTERNATIONAL L.D.A.,
                                  :
                Plaintiff,
                                  :        08 Civ. 5879 (WHP)
        - against -                        ECF CASE
                                  :
NORTH CHINA SHIPPING LTD., a/k/a
NORTH CHINA SHIPPING CO. LTD.     :
a/k/a NORTH CHINA SHIPPING
COMPANY LTD. a/k/a NORTH CHINA    :
SHIPPING COMPANY LIMITED a/k/a
NORTH CHINA SHIPPING              :
(SINGAPORE) PTE LTD.
                                  :
                Defendant.
-------------------------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 07·22·08        │
└─────────────────────────────┘
```

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on July 21, 2008, Plaintiff, UNITED BULK CARRIERS

INTERNATIONAL L.D.A., filed a Verified Amended Complaint herein for damages against the

Defendant NORTH CHINA SHIPPING LTD. a/k/a NORTH CHINA SHIPPING COMPANY

LTD. a/k/a NORTH CHINA SHIPPING COMPANY LIMITED a/k/a NORTH CHINA

SHIPPING (SINGAPORE) PTE LTD. amounting to **$2,002,316.20** and praying for the issuance

of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil

Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Amended Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist;

**NOW**, upon motion of the Plaintiff, it is hereby:

**ORDERED**, that Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$2,002,316.20** belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of by any garnishees within this District, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, Wachovia Bank; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee

may consent, in writing, to accept service by any other means.

Dated:  July 21, 2008

**SO ORDERED:**

U. S. D. J.

3