UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK
------------------------------------------------------------x
UNITED BULK CARRIERS
INTERNATIONAL L.D.A.

       Plaintiff,

   -against-

NORTH CHINA SHIPPING LTD., a/k/a
NORTH CHINA SHIPPING CO. LTD.
a/k/a NORTH CHINA SHIPPING
COMPANY LTD. a/k/a NORTH CHINA
SHIPPING COMPANY LIMITED a/k/a
NORTH CHINA SHIPPING (SINGAPORE)
PTE LTD.

       Defendant.
------------------------------------------------------------x

ECF CASE

08 Civ. 5879 (WHP)

**MEMORANDUM OF LAW OF CLAIMANTS
NORTH CHINA SHIPPING (SINGAPORE)
PTE LTD., NORTH CHINA SHIPPING
COMPANY, LIMITED, AND NORTH CHINA
SHIPPING COMPANY LIMITED IN
SUPPORT OF THEIR MOTION TO VACATE
ATTACHMENT**

      CARDILLO & CORBETT
      Attorneys for Claimants
      NORTH CHINA SHIPPING (SINGAPORE) PTE LTD.
      NORTH CHINA SHIPPING COMPANY, LIMITED
      NORTH CHINA SHIPPING COMPANY LIMITED
      29 Broadway
      New York, New York 10006
      Tel: 212-344-0464
      Fax: 212-797-1212

Tulio R. Prieto
Of Counsel

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS ...................................................... 3

ARGUMENT ................................................................. 5

POINT I
PLAINTIFF HAS THE BURDEN TO SHOW
WHY THE ATTACHMENT SHOULD NOT BE VACATED ......................... 5

POINT II
PLAINTIFF HAS FAILED TO ALLEGE A
PRIMA FACIE CLAIM AGAINST CLAIMANTS ................................ 6

CONCLUSION ............................................................... 9

# TABLE OF AUTHORITIES

**Cases:**

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
460 F.3d 434,(2d Cir. 2006) .................................................. 5,6

Bell Atlantic Corporation v. Twombly,
127 S. Ct. 1955, 167 L. Ed. 147 (2007) ........................................ 6,7

Brave Bulk Transp. v. Spot on Shipping,
2007 U.S. Dist. LEXIS 69751 (S.D.N.Y Sept. 14, 2007) ........................... 7

Dolco Inv., Ltd. v. Moonriver Dev., Ltd.,
486 F. Supp. 2d 261 ........................................................... 7

Essar Int'l Ltd. V. Martrade Gulf Logistics,
2007 U.S. Dist. LEXIS 61713, 2007 AMC 2017 (S.D.N.Y. 2007) ................. 6,8,9

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008) .................................................. 6,7

T & O Shipping, Ltd. v. Source Link Co., Ltd.,
2006 U.S. Dist. LEXIS 88153 (S.D.N.Y. 2006) ................................... 8

Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,
475 F. Supp.2d 275 (S.D.N.Y. 2006) ............................................ 6

Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002) ................ 8

**Rules:**

Federal Rules of Civil Procedure

Rule 8(a) .................................................................. 6,7,8
Supplemental Rules for Certain Admiralty and Maritime Claims
Rule B ....................................................................... 5
Rule E(2)(a) ................................................................. 7
Rule E(4)(f) ................................................................. 5

## PRELIMINARY STATEMENT

This memorandum of law is submitted by claimants, North China Shipping (Singapore) PTE Ltd. ("NCS Singapore"), North China Shipping Company, Limited ("NCSC (HK)") and North China Shipping Company Limited ("NCSC (BVI)") (collectively the "Claimants") in support of their motion to vacate the attachment of their property by the plaintiff, United Bulk Carriers International L.D.A. ("United Bulk"), and the ex parte Order of Maritime Attachment obtained by United Bulk from this Court.

United Bulk commenced this action on or about June 30, 2008, against defendant, North China Shipping Ltd. ("NCSL"), by filing a verified complaint, based on information and belief, alleging that NCSL had breached a maritime contract between United Bulk and NCSL (Declaration of Tulio R. Prieto, ¶ 2, Exh. A ). Based on the allegations in the complaint, the Court issued an Order of Maritime Attachment on July 2, 2008, against the property of NCSL within the District, including electronic funds transfers made by or payable to NCSL (Declaration of Tulio R. Prieto, ¶ 3, Exh. B ).

On July 17, 2008, counsel for the Claimants advised United Bulk's counsel that a payment of freight in the amount of $222,381.00 made by NCSC (HK) in connection with a charter party entered into by NCSC (HK) had been attached by United Bulk. NCSC (HK)'s counsel provided United Bulk's counsel with copies of the charter party, the relevant bank documents, and a copy of the certificate of incorporation of NCSC (HK). Counsel for NCSC (HK) requested United Bulk to release the funds voluntarily on the grounds that the defendant, NCSL, and claimant, NCSC (HK) were separate and distinct entities and that the payment at issue was not made in defendant's name (Declaration of Tulio R. Prieto, ¶ 4, Exh. C ).

Thereafter on July 21, 2008, counsel for Claimants advised United Bulk's counsel

that funds paid by or remitted to NCS Singapore and NCSC (BVI) in the additional total amount of $1,774,935.20 had been attached by United Bulk.  Counsel for Claimants provided copies of five separate contracts entered into by NCS Singapore and NCSC (BVI), bank documents evidencing payments they had made or had been remitted to them in connection with such contracts, as well as copies of corporate documents showing that these two Claimants were also separate and distinct from the defendant, NCSL (Declaration of Tulio R. Prieto, ¶¶ 5-8, Exhs. D-G).

On July 21, 2008, United Bulk filed, ex parte, a Verified Amended Complaint and an Amended Affidavit In Support of Prayer For Maritime Attachment , alleging that the defendant, NCSL, is also known as each of the Claimants (Declaration of Tulio R. Prieto, ¶ 9, Exh. H ).  The Court then issued a second Ex Parte Order of Attachment (Declaration of Tulio R. Prieto, ¶ 10, Exh. I ).

The Verified Amended Complaint does not contain any causes of action against Claimants.  It does not even name the Claimants as separate defendants. It is respectfully submitted that the allegation that NCSL is also known as each of the Claimants is not sufficient to support the attachment of Claimants' property.  Accordingly, the attachments that United Bulk has obtained against electronic funds transfers originated by or sent to Claimants should be vacated and the funds released.

## STATEMENT OF FACTS

According to the allegations made by United Bulk in the Verified Amended Complaint, United Bulk entered into a time charter party dated February 23, 2007, with defendant, NCSL covering the vessel WINA (the "Vessel"). United Bulk claims that disputes arose between the parties and that United Bulk sustained damages in the principal amount of $1,499,637.90. To this principal amount, United Bulk has added interest, attorneys' fees and costs in the amount of $502,678.38, for a total claim of $2,002,316.28 (Verified Complaint, ¶¶ 4-10).

United Bulk does not allege that any of the Claimants was a party to the charter party or breached that contract. Indeed the Verified Amended Complaint asserts no cause of action against Claimants, and has not even named the Claimants as separate defendants in this action. Instead it makes the bare allegation that the defendant, NCSL, is also known as each of the Claimants (Verified Amended Complaint, ¶ 3).

The Court is respectfully referred to the Declarations of Yi Yuefeng ("Yi Dec."), Gao Yanming ("Gao Dec."), Wang Chengyu ("Wang C. Dec.") and Wang Lijun ("Wang L. Dec."). Those declarations show that each of the Claimants is a corporation formed several years or several months ago and that each of the transfers attached by United Bulk concern remittances by or to the Claimants in connection with contracts made in their own name.

The defendant, NCSL is a corporation formed in the Bahamas on October 24, 2001 (Wang L. Dec., ¶2).

The Claimant, NCSC (HK), is a corporation formed in Hong Kong more than sixteen years ago on June 23, 1992 (Gao Dec., ¶ 2). On July 15, 2008, NCSC (HK) made a bank remittance to the owner of the M/V XIN MIN MEN in the amount of $222,381.00 for freight

3

earned by that vessel (Gao Dec., ¶ 6). The freight was earned under the terms of a charter party between NCSC (HK), as charterer, and the vessel owner (Gao Dec., ¶ 5). United Bulk has attached these funds.

The Claimant, NCSC (BVI), is a corporation formed in the British Virgin Islands more than six years ago on October 4, 2001 (Wang C. Dec., ¶ 2). On or about July 7, 2008, Louis Dreyfus Corp. ("Dreyfus") made a remittance to NCSC (BVI) in the amount of $550,000 in connection with the settlement of two Freight Forward Agreements to which Dreyfus and NCSC (BVI) were parties (Wang C. Dec., ¶¶ 5-6). United Bulk has attached these funds.

The Claimant, NCS Singapore, is a corporation formed in Singapore more than seven months ago on December 22, 2007 (Yi Dec. ¶ 2). United Bulk has attached four separate remittances made by NCS Singapore. On July 8, 2008, NCS Singapore made a bank remittance to the owner of the M/V PEARL OF SHARJAH in the amount of $100,219.32 for hire earned by that vessel (Yi Dec., ¶¶ 5-6). The hire was earned under the terms of a charter party between NCS Singapore, as charterer, and the vessel owner (Yi Dec., ¶ 5-6). United Bulk has attached these funds.

On July 26, 2008, NCS Singapore made a bank remittance to the owner of the M/V NORD MARU in the amount of $219,787.67 for hire earned by that vessel (Yi Dec., ¶¶ 9-10). The hire was earned under the terms of a charter party between NCS Singapore, as charterer, and the vessel owner (Yi Dec., ¶¶ 9-10). United Bulk has attached these funds.

On July 17, 2008, NCS Singapore made a bank remittance to the owner of the M/V KYLA FORTUNE in the amount of $13,227,052.61 for freight earned by that vessel (Yi Dec., ¶¶ 13-14). The freight was earned under the terms of a charter party between NCS Singapore, as charterer, and the vessel owner (Yi Dec., ¶¶ 13-14). United Bulk has attached part

of the freight payment made by NCS Singapore to the vessel owner in the amount of $827,625.38 (Yi Dec., ¶ 16).

On July 15, 2008, NCS Singapore made a bank remittance to the owner of the M/V JBU LEVAN in the amount of $77,302.83 for freight earned by that vessel (Yi Dec., ¶¶ 17-18). The freight was earned under the terms of a charter party between NCS Singapore, as charterer, and the vessel owner (Yi Dec., ¶ 17-18). United Bulk has attached these funds.

## ARGUMENT

### POINT I

#### PLAINTIFF HAS THE BURDEN TO SHOW WHY THE ATTACHMENT SHOULD NOT BE VACATED

Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims entitles any person claiming an interest in property restrained pursuant to Process of Maritime Attachment and Garnishment "to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."

The Second Circuit has held that "a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E". Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Under Rule E(4)(f), the "burden is on plaintiff to make four basic showings":

> [A]n attachment should issue under Rule B "if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3)

5

> the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.
> (Footnote omitted).

Essar Int'l Ltd. V. Martrade Gulf Logistics, 2007 U.S. Dist. LEXIS 61713, *3, 2007 AMC 2017 (S.D.N.Y. 2007), Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp.2d 275, 278 (S.D.N.Y. 2006) (*quoting* Aqua Stoli, 460 F.3d at 445). If the Plaintiff does not meet this burden, the Court must vacate the attachment.

### POINT II

### PLAINTIFF HAS FAILED TO ALLEGE A PRIMA FACIE CLAIM AGAINST CLAIMANTS

It is respectfully submitted that United Bulk cannot satisfy its burden of showing why the attachment should not be vacated. The Verified Amended Complaint is devoid of any allegations against Claimants. It fails to provide any basis upon which to attach funds transfers that were made by or to Claimants pursuant to contracts entered into by them in their own name. The bare, conclusory allegation that the defendant NCSL is "also known as" each of the Claimants does not satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as recently interpreted by the Supreme Court in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 147 (2007), much less the more stringent test to be met under Rule E (2) (a).

In Twombly the Supreme Court held with regard to Rule 8 (a) in an antitrust case, that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. 127 S. Ct. at 1966. Goldstein v. Pataki, 516 F.3d 50 (2d Cir. 2008) ( "at a bare

6

minimum" the operative standard requires the 'plaintiff [to] provide the grounds upon which his claims rests through factual allegations sufficient to raise a right to relief above the speculative level'"). The Twombly Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." Id. at 1970.

Rule E contains a heightened pleading requirement when compared to Rule 8 (a). Rule E(2)(a), directs that a complaint in a case involving attachment must "state the circumstances from which the claim arises with such particularity that the defendant . . . will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P., Adm. Supp. R. E(2)(a). "This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in in rem admiralty proceedings." Dolco Invs., Ltd. v. Moonriver Development, Ltd., 486 F. Supp. 2d at 272 (*quoting* Ports Auth. v. Barge Katy-B, 427 F.3d 93, 105 (1st Cir. 2005); Brave Bulk Transp. v. Spot on Shipping, 2007 U.S. Dist. LEXIS 69751, at *3(S.D.N.Y September 14, 2007 ) ("a Rule B attachment on an alleged alter ego's property cannot be sustained in the absence of a showing of at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil, ... I must lift the attachment as against ZSL on that basis alone").

There are no facts alleged in the Verified Amended Complaint to support any

7

plausible claim against the Claimants. There are no allegations that they were party to or breached the contract upon which United Bulk has sued upon. Indeed, there are no allegations that they committed any wrongful act whatsoever. There is nothing more than the bare allegation that the defendant, NCSL, is "also known as" each of the Claimants. No facts are provided by United Bulk to support that allegation, or, more importantly, to explain why the Claimants' property should be subject to attachment. Therefore, the Verified Amended Complaint does not meet the pleading requirements of Rule 8(a) or Rule E(2)(a), and consequently, United Bulk has not stated a maritime claim against the Claimants and cannot satisfy the burden of showing that it is entitled to the drastic remedy of attaching property belonging to Claimants.

Indeed the Claimants have not been named as defendants in the action. The only defendant is NCSL which according to the complaint is allegedly known as each of the Claimants. Rule B limits attachable property to that of a named defendant. Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 269 (2d Cir. 2002); Essar Int'l Ltd. V. Martrade Gulf Logistics, 2007 U.S. Dist. LEXIS 61713, at *5; T & O Shipping, Ltd. v. Source Link Co., Ltd., 2006 U.S. Dist. LEXIS 88153 at *12 (S.D.N.Y. 2006). In Essar the Court held that the named defendant was shown to have an interest in the attached property, stating in relevant part:

> Rule B limits attachable property to that of a named defendant. "Modern conceptions of fairness ... dictate that actual notice be given to persons known to claim an interest in the property that is the subject of the action where that is reasonably practicable." Winter Storm, 310 F.3d at 269; see also DS Bulk, 2006 U.S. Dist. LEXIS 39242, 2006 WL 1643110, at *2 ("The language of Supplemental Rule B clearly [*7] anticipates that only a 'defendant' will be subject to an order of attachment."); T & O Shipping, 2006 U.S. Dist. LEXIS 88153 at *12, 2006 WL

3513638, at *4 ("Rule B limits the scope of an attachment to a defendant who is named in the verified complaint").

2007 U.S. Dist. LEXIS 61713, at *5

Unlike the plaintiff in Essar, United Bulk cannot show that the named defendant has any interest in the attached funds. The transfers in question were made in the name of the Claimants in connection with contracts entered into by the Claimants in their own name.

## CONCLUSION

For all the foregoing reasons, the attachment of the Claimants' funds should be vacated and the funds released and the ex parte Order of Maritime Attachment directing the attachment of Claimants' property should be vacated.

Dated: New York, New York
      August 6, 2008

Respectfully submitted,

CARDILLO & CORBETT,
Attorneys for Claimants
NORTH CHINA SHIPPING (SINGAPORE) PTE LTD.
NORTH CHINA SHIPPING COMPANY, LIMITED
NORTH CHINA SHIPPING COMPANY LIMITED

By: *Tulio R. Prieto*
    Tulio R. Prieto (TP 8455)

29 Broadway, Suite 1710
New York, New York 10006
212-344-0464